UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONION P. PALOMINOS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROY E. BARNES,<br><br>    Defendant. | Case No.: 1:13-cv-01796-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS SECOND AND SUCCESSIVE<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

    Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

    The instant petition was filed on October 8, 2013 in the Northern District of California and transferred to this Court on November 6, 2013. (Doc. 7). In the course of conducting a preliminary screening of the petition, it has come to the Court's attention that Petitioner has previously filed one or more federal habeas petitions challenging this same conviction.

    A review of the Court's own docket reflects that Petitioner has previously filed a federal petition in this Court in case no. 1:09-cv-01682-AWI-BAM ("09-01682"), challenging the same conviction that is challenged in the instant petition, i.e., Petitioner's 2007 conviction in the Madera County Superior Court for five counts of second degree murder and gross vehicular manslaughter while

intoxicated and his subsequent sentence of seventy-nine-year-to-life.  In that case, Petitioner raised the following issues: (1) sufficiency of the evidence of implied malice; and (2) improper hypothetical question posed to expert.  The Magistrate Judge issued Findings and Recommendations on January 27, 2012 to deny the petition on its merits.  (Doc. 25 to case no. 09-01682).  The District Judge adopted the Findings and Recommendations and entered judgment on April 24, 2012. (Doc. 33 to case no. 09-01682).  Thereafter, Petitioner appealed his case to the Ninth Circuit, which, on June 27, 2012, denied Petitioner's request for issuance of a certificate of appealability.  (Doc. 39 to case no. 09-01682).

## **DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must dismiss a second or successive petition raising a *new ground* unless the petitioner can show 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).[1]

However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth Circuit.  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   In other words, Petitioner must obtain leave from the Ninth Circuit before he may file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

---

[1] In the instant petition, Petitioner raises "new" grounds, i.e., (1) illegal sentence; and, (2) ineffective assistance of trial counsel. However, as discussed above, the question of whether Petitioner can file a successive petition that raises new issues is one for the Ninth Circuit, not this Court.

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition attacking his conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as a second and successive petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within 10 court days (plus three days if served by mail) after service of the Objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 12, 2013**              /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE